Good morning and may it please the court. My name is Neil Landin and I represent the plaintiff appellant in this case. In this case, the appellant was a law enforcement officer employed with the Arizona Department of Public Safety, also called DPS, prior to being terminated from his employment. Appellant appealed his termination to the Law Enforcement Merit System Council, an administrative body that hears termination appeals of DPS officers. Counsel, could you help me on something? This is Judge Kleinfeld. At your Fourth Amendment issue on the search of the computer, is there any case that says that the Law Enforcement Merit System Council could or could not have considered whether that seizure was appropriate? I am not aware of any specific case dealing with the Law Enforcement Merit System Council on that issue. Is there any reason to doubt that they could if they chose to? The Law Enforcement Merit System Council, our position is that it is not equipped to hear... What do you mean equipped? Are they not lawyers? Are there no lawyers there? Correct. There is no requirement in the enabling legislation for the Merit System Council that the members on the council possess any sort of legal training or background. There was never any requirement that the law lords in the House of Lords possess any legal training, but as a practical matter, they did, and they were the Supreme Court of England. As a practical matter, does the Law Enforcement Merit System Council have lawyers? Sometimes. It depends. At the time of this, the chairman had no legal experience or background. I believe one of the other members had some. Do you mean he was a lawyer or not? The chairman was not. And the other members? I believe one of them had experience as an attorney, but the other did not. There were three on the panel. Are you, in this case, seeking a remedy with regard to the termination and back pay and so on, or are you seeking something else having to do with the Fourth Amendment, asserted Fourth Amendment violation? Well, the full range of common law remedies is available to a plaintiff asserting a claim under Section 1984. Well, I know that, but the problem here is that you did litigate your termination. I mean, your client did. And there is a long string of administrative race judicata cases with regard to the termination itself. Here, however, and what seems to me to be unusual about this case, is that you're raising in Federal court a Fourth Amendment issue which the agency never decided and, as far as it appears, had no reason to decide. It's hard to tell how it could ever have been necessary to the termination. But if all you're seeking is a remedy for the termination, then that kind of doesn't matter. So that's what I'm trying to find out. Are you seeking a remedy for the termination or something else? We are seeking something else, Your Honor. What's the something else? We asserted claims under Section 1983. And we were seeking compensatory damages for lost wage and lost retirement benefits. But we were also seeking mental and emotional damages, punitive damages, costs on attorney fees. And one of the main issues is that simply because the Law Enforcement Merit System counsel upheld the appellant's termination, we don't feel that that necessarily means that a Federal court could not find for him on his constitutional claim. For example, the Federal district court could find that appellant's constitutional rights had been on that claim, even though the termination... Did you raise any? I thought you only raised a Fourth Amendment claim. Is that wrong? Is it wrong that you only raised a Fourth Amendment claim in this case? No, Your Honor. That's correct. Okay. So you mean you thought there was a seizure, essentially? Is that what you're saying? A seizure, an arrest? Is that what you're saying? During the investigation of this matter, the appellant was illegally detained. And during the course of that detainment, he was interviewed by a criminal... An interview would be a Miranda problem. And I don't understand you to be raising a Miranda problem. And I don't think you could raise a Miranda problem. That's correct, Your Honor. We're not raising a Miranda problem. Okay. Excuse me. This is Judge Schroeder. Could you tell me how you distinguish the Olson v. Morris case, other than the fact that it was a different state agency, where we held that you couldn't split a cause of action and bring constitutional claims in the Federal court. You'd have to bring them in appeal to the state court. Yes. In Olson, the court determined that the plaintiff could have raised his constitutional issues with the state agency or on appeal, but did not do so. In this case, the appellant, he did raise his constitutional issues before the Law Enforcement Merit System counsel, but the counsel made no determination whatsoever on those claims. So while the appellant, again, did raise those constitutional issues before the Law Enforcement Merit System counsel, those issues were never legally determined, which the Merit System counsel's decision is telling after that fact, as it contains no reference or determination whatsoever on any of the constitutional claims. You know, I've gleaned from that that he could and did raise his constitutional claims before the administrative body, and all I infer from the fact that they didn't speak of them in the decision is that they didn't speak of them in the decision. They didn't recite that they couldn't. Very frequently, our dispositions in this Court don't speak to everything that the appellant has argued because some of the arguments do not appear to us to have weight. And so now I'm down to where he got an administrative adjudication, as in Olson. He could have raised the issues. He did raise the issues. The board did not speak one way or the other, either to their jurisdiction to consider them or on the merits of his constitutional issues. Have I got that right so far? Yes, that's correct, Your Honor. If so, why doesn't Olson control? Well, we feel that a strict application of the doctrine of res judicata as set forth in Olson v. Morris, it doesn't appropriately balance the respective policy considerations that underlie the various statutory rights and remedies which are at issue. Wait a minute. Look, in this case, is there any Arizona law saying that there is an exclusionary rule in a termination proceeding? There are a couple of administrative cases where the exclusionary rule is argued, and in general the law seems to be that the exclusionary rule does not apply in administrative areas. Right. So presumably the reason why it wasn't decided was because it was impertinent to anything. It wasn't necessary. It wasn't pertinent. It had nothing to do with the termination. Well, there are a couple of references in the administrative record to decisions where an administrative body in Arizona did apply the exclusionary rule, but it is very rare. Could he have appealed the administrative decision to, I suppose it would be the Arizona Superior Court? Correct. He could have appealed to the. . . And then on appeal, this line from Olson, the principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal, would seem to apply, or why wouldn't it? Well, that is certainly one avenue available to an employee who finds his discipline upheld before a law enforcement merit system counsel. However, we think that an alternative avenue would be to appeal the constitutional issues directly to federal district court when those claims have not been. . . Do you want to reserve any time? No, Your Honor. Okay. All right. Now, there was some procedural wrinkle before the agency that I didn't quite understand, but it appeared that the, your client stipulated to the content of the investigatory record which included all the information that was obtained as a result of what he claimed were illegal searches. Is that right? Not entirely, Your Honor. There are several issues that provide context for that issue. The appellant never stipulated that any of the so-called poisonous fruit at issue could be properly used against his employment in the disciplinary appeal hearing before the merit system counsel in any way. The appellant was very clear throughout the entire disciplinary appeal process, including in a written brief before, during, and after the hearing, that that evidence, that poisonous fruit that had been used against him, had been gathered during the course of a tainted investigation and thus should not be considered or used against him. Now, as is customary in these disciplinary appeal hearings before the counsel, the parties stipulated to the admissibility of the investigative file, but that was so that the merit system counsel could review the investigation which is necessary in conducting disciplinary appeal hearings. But the appellant never stipulated that any of the poisonous fruit contained within the investigative file was admissible against his employment. And again, there's nothing in the record before you which indicates that the appellant at any time stipulated to any of the poisonous fruit that could be properly used against him during the hearing to support his termination. So our position is that the merit system counsel was free to review the investigative file, as is customary in those hearings, and then give each document and exhibit its due weight, which could be to give it no weight whatsoever and render its decision accordingly. All right. Thank you very much. Your time has expired. We will hear now from counsel for the appellees. Good morning, Your Honor. This is Eileen Gilbride on behalf of the State of Arizona, Gillette Stroud and Griffiths. Your Honor, as you have indicated, race judicata applies to legal and factual issues that the counsel either did hear or could have heard. All right. Well, could they have heard this? Is the Fourth Amendment issue pertinent in any way to the termination? Wasn't your argument before the agency that, in fact, it was not pertinent because there is no exclusionary rule in termination? That was the defendant's argument, wasn't it? Our argument was that the evidence supported his termination, not that it was inadmissible. He did stipulate to the admission of all of the evidence before the counsel. I thought I read, maybe I didn't, papers in which your position was that there is no Is there an exclusionary rule in a termination proceeding? I'm not positive on that, Your Honor, and I'm not sure that we made that argument. I know that we argued that the evidence was admissible. Well, he stipulated to it anyway. So how could this question have ever been pertinent to the termination proceeding, either on a procedural ground or because there's no exclusionary rule? Why would it ever have come up? Well, Your Honor, Jacobs argued that the evidence supporting his termination was illegally obtained and that the counsel should consider it. I know. That's what he argued. Right. But that wasn't decided either on a procedural ground or on a substantive ground, and it appears that the reason it wasn't decided is because it wasn't pertinent to the termination. I believe the reason it wasn't decided, if I may, Your Honor, is that he stipulated to the admission of the evidence, and so the counsel didn't have to But it also could have been raised, and it was raised, and that's the point for the plaintiff. Suppose this thing had played out and he had, in fact, appealed it to a court in Arizona and he had tried to get them to reach this issue that isn't even mentioned in the administrative proceeding on the ground that they should have taken the illegal search into account and suppose the court had said, no, there is no exclusionary rule in a termination of a policeman, which seems to me is likely the rule. I mean, it doesn't seem likely that you're going to say that a policeman can stay on the job because he was illegally searched as opposed to he has some remedy for the illegal search, but he gets terminated. Suppose that's what happened. Then what? Then can he go bring a 1983 case? Now, he can't get the termination back. He can't get his job back. Presumably he can't get relief or damages for the loss of his job. But why can't he bring a case for the invasion of his privacy if there was one? Because it's an issue that could have been raised. All right. It could have been raised, but the answer may have been you don't have any business here. It has nothing to do with this claim. But Olson v. Morris and all of the other cases indicate that it's not whether it's actually litigated but whether he has a right to litigate it. But yes. And if the answer is that there is no Fourth Amendment defense here or relevance here, then it couldn't have been litigated. All that could have been litigated is whether you could litigate it but not the merits of it. I'm not aware of any case, Your Honor, where it held that the plaintiff could bring a subsequent Federal case after having lost the administrative case even with constitutional Fourth Amendment defenses. Do you know any case in which the relationship of the claim, the constitutional claim, is similar to this one, i.e., in the other cases, it was a defense to the termination directly. Correct. You shouldn't have fired me because it was a First Amendment violation to fire me. That's not what this is. Correct. It's a collateral attack on something else that he's trying to bring into the termination, and the likely answer is you can't do that. But the constitutional issue is that his termination was improper because it was based upon unconstitutional. Right. And he can't do that. Okay. But he says that's not all he's doing here. Olson v. Morris and the other cases say he can't do it. That's what I just said. He can't do it. And he can't do it in Federal court. What is it exactly that he's seeking as a remedy in this 1983 case? He's seeking back pay, compensatory damages. He can't get his job back. But he's seeking the same thing that people seek in Section 1983 cases, which is The compensatory damages or the pay that he lost? Pay that he lost and, I believe, you know, whatever pain and suffering that he But why isn't the appropriate answer, yes, you cannot do that. You cannot get those damages. But you can get the kind of damages that people ordinarily get for a Fourth Amendment 1983 case, which is some sort of pain and suffering, emotional distress kind of damages. Why isn't that? Or even a dollar, something, an adjudication of whether his Fourth Amendment rights were violated. Why can't he get that? Because he chose his forum, Your Honor. He chose to challenge his termination in the administrative realm, which gives him a forum. It gives him an appeal. It gives him the right to raise all of his constitutional issues in state court. And he decided not to do that. It doesn't allow him to challenge that termination in an administrative realm and then give up his state appeal and then go ahead and litigate it again in federal court. That's assuming he had a merits appeal, which in your position, of course, he didn't. Which he did not, which he elected not to take. In fact, this is a stronger case than Olson because there the board was the agency that revoked his license. And here the counsel is an independent entity. It isn't the entity that terminated his employment. But you agree that in Olson the constitutional issue was the termination. It was whether the termination was valid or invalid. Yes. And that's not true here. He is making, yes. Here his constitutional issue goes to the evidence that makes up the reason for his termination rather than the termination itself violating his constitutional rights. However, there is no, he has not cited a case, and I'm not aware of one, that makes a distinction on that basis. Do you know of any case that's like this? I don't know of a case that is like this where the issue was sort of the evidence on which the termination was based. And in which there was a question about whether that issue could even be raised. And the only thing the agency did was not even address it. Which sounds like a silent determination that it couldn't be raised. I think it's not a determination that it couldn't be raised at all. I think it has to do with the fact that he stipulated to the admission of the evidence. Well, fine. He stipulated with regard to his termination presumably because, I don't know why because. But it might have been the better part of valor because it's extremely unlikely that an agency is going to say that a policeman can stay on the job because the evidence was unconstitutionally obtained. Or it could be that he wanted to try to obstruct the preclusive use of the state administrative decision by the stipulation, which he can't do. Okay. And we didn't cite this because it's a very new statute that just became effective. If you want to know about the legislative intent of whether he could raise his constitutional issue, the new statute, which I would suggest just reaffirm the legislative intent that are already there. It's ARS 41-1830.12. And then there's 1830.16 also, which specifically allow him to argue the constitutional issue before the council. In this case, I'm sorry, this constitutional issue? Any constitutional issue. It says, I'm getting it. I apologize. Whether it was based on a violation of any constitutional provision. So it's not, it is not narrowly defined to whether his termination was unconstitutional. Suppose he wanted to argue that, you know, the police force was unconstitutionally beating people up, other people. And he just felt like litigating that in his termination proceeding. I mean, in other words, there has to be a connective. There has to be a nexus. He argued there was one, but there's no evidence that Arizona thinks there is one. Well, he argued the exact same issues there that he is raising here. I think his own pleadings show the nexus. Did you ever take the position, this is Judge Schroeder, that he couldn't raise the constitutional issues in the State proceeding? No, Your Honor. Okay. You said you didn't know a little while ago. And I actually think that with regard to this exclusionary rule question, I thought that you did take that position. I don't recall that being raised in the evidence, in the pleadings that are before the court. I honestly do not recall that being raised at all. I could be wrong, but. And I could be wrong. I'm not sure. But I don't recall that being argued. Okay. Anything else? I don't have anything else, Your Honor, unless you have any more questions. Thank you very much. Thank you, counsel. The case of Jacobs v. State of Arizona is submitted.
judges: Schroeder, Kleinfeld, Berzon